TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Nicholas Haffner*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Haffner, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, NICHOLAS HAFFNER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Tempe, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendant to this lawsuit is Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

## GENERAL ALLEGATIONS

6. On or about August 13, 2015, Mr. Haffner obtained his Experian credit file and noticed errors on several trade lines.

7. On or about October 19, 2015, Mr. Haffner submitted a letter to Experian, disputing the trade lines. He disputed the Arizona Public Service trade line with account number 69189 ("Errant Trade Line") as well as other trade lines, but he did not dispute it on the basis of multiple charge offs.

8. On or about November 25, 2015, Mr. Haffner submitted another letter to Experian, disputing some trade lines as well as the Errant Trade Line. Again, he did not dispute the Errant Trade Line on the basis of multiple charge offs.

9. On or about December 20, 2015, Mr. Haffner received Experian's investigation results, which showed that Arizona Public Service was reporting the Errant Trade Line with multiple charge offs each month between the years of 2011 through 2015.

10. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times. Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly largely and devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

3

11. Credit reporting s a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until he pays the debt.

12. The multiple charge offs convey to any user or prospective of Mr. Haffner's Experian credit report that, not only did a charge incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

13. On or about March 21, 2016, Mr. Haffner submitted another letter to Experian, specifically disputing the multiple charge offs on the Errant Trade Line and requesting that the charge offs be removed from his credit file. This was the first time that Mr. Haffner disputed the Errant Trade Line on the basis of multiple charge offs.

14. On or about March 30, 2016, Mr. Haffner received correspondence from Experian, which stated that it previously processed the dispute and the credit grantor verified its accuracy. Experian stated that pursuant to the FCRA Section 611(a)(3)(A), it would not reinvestigate the same dispute again. This is false as Mr. Haffner never disputed the multiple charge offs on the Errant Trade Line prior to this time.

15. Experian failed to investigate Mr. Haffner's consumer dispute, in violation of the FCRA.

16. Plaintiff has a right to posit disputes to items that are inaccurate or incomplete on his credit report and a right to have Experian conduct a reasonable reinvestigation into these disputes.

17. Experian has failed to honor its statutory obligations under the Fair Credit Reporting Act, causing damages to the Plaintiff.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Haffner as that term is defined in 15 USC 1681a.

20. Such reports contained information about Mr. Haffner that was false, misleading, and inaccurate.

21. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Haffner, in violation of 15 USC 1681e(b).

22. After receiving Mr. Haffner's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

23. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Haffner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24. Experian is liable to Mr. Haffner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Haffner as that term is defined in 15 USC 1681a.

27. Such reports contained information about Mr. Haffner that was false, misleading, and inaccurate.

28. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Haffner, in violation of 15 USC 1681e(b).

29. After receiving Mr. Haffner's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

30. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Haffner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

31. Experian is liable to Mr. Haffner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 31, 2016

                                              KENT LAW OFFICES

By:   */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Nicholas Haffner